**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOHN WARREN JOEB, JR.,

Plaintiff,

v.

DC MARKETING LLC and
DANIEL SCHWARTZ,

Defendants.

Case No. 8:26-cv-2502

**JURY TRIAL DEMANDED**

---

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

jPlaintiff John Warren Joeb, Jr., sues Defendants DC Marketing LLC and Daniel Schwartz, and alleges the following.

**INTRODUCTION**

1. This is a copyright case about a videographer whose own work was used against his wishes. John Joeb shot, directed, and edited the "Simply Charlotte" videos, and he set up and ran the TikTok account where they were published. The copyrights are his. After Mr. Joeb told Defendants in writing that the videos belonged to him and that they had no right to use them, Defendants pulled the videos from TikTok and re-posted them to the account anyway. Mr. Joeb brings this action to stop that infringement and

to recover the damages, fees, and injunctive relief the Copyright Act provides for willful conduct of this kind.

**THE PARTIES**

2. Plaintiff John Warren Joeb, Jr., lives in Land O' Lakes, Pasco County, Florida. He is a videographer and the author of the videos at issue in this case.

3. Defendant DC Marketing LLC ("DC Marketing") is a Pennsylvania limited liability company with its principal office at 1519 Montrose Street, Philadelphia, Pennsylvania 19146. It operates as a talent-management and marketing agency, and it manages the social-media career of the performer featured in the videos.

4. Defendant Daniel Schwartz ("Schwartz") is DC Marketing's chief executive officer. On information and belief, he resides in Pennsylvania. Schwartz ran the conduct at the heart of this case: he received Mr. Joeb's written notice, and he directed and approved the re-posting of the videos. DC Marketing and Schwartz are referred to together as "Defendants."

**JURISDICTION AND VENUE**

5. The claims arise under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and § 1338(a), which gives the district courts original and exclusive jurisdiction over civil claims arising under the copyright laws.

6. This Court has personal jurisdiction over both Defendants because they reached into Florida to do business and then committed the wrongs alleged here in the course of that business. DC Marketing solicited and entered a talent-management agreement with Charlotte Perry, a Florida resident, and took on the management and monetization of her Florida-based social-media accounts, including the account on which Mr. Joeb's videos ran. Defendants entered that arrangement to profit from the content of a Florida resident, for the benefit of a Florida resident, and the very conduct Mr. Joeb complains of, the copying and re-posting of his videos, was part of Defendants' operation of that Florida account. Carrying on that business venture in Florida subjects Defendants to jurisdiction under Fla. Stat. § 48.193(1)(a)1.

7. Defendants also committed a tortious act within Florida under Fla. Stat. § 48.193(1)(a)2. They infringed the copyrights of a Florida author and aimed that conduct at this State. Defendants knew that Mr. Joeb lived in Florida, knew the videos were his, and knew that the harm from taking them would fall on him here. Having deliberately directed both their business and their infringement at Florida, and having injured one Florida resident while performing a Florida contract meant to benefit another, Defendants could

reasonably expect to answer for that conduct in a Florida court. The exercise of jurisdiction comports with due process.

8. Venue is proper in this District under 28 U.S.C. § 1400(a) because Defendants may be found here, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims, and of the resulting injury, occurred here. The action is properly assigned to the Tampa Division under Local Rule 1.04 because Mr. Joeb resides in Pasco County.

## FACTUAL ALLEGATIONS

### A. The videos and the account.

9. Mr. Joeb produces short-form video content. Starting in 2025, he created a library of videos featuring Charlotte Perry, who performs online as "Simply Charlotte." The videos were published on the TikTok account @simplycharlotte60 (the "Account"), located at https://www.tiktok.com/@simplycharlotte60.

10. Mr. Joeb made these videos himself. He planned each one, operated the camera, directed the shoots, and edited the footage. The framing, the pacing, the look of each shot, and the cut are his creative choices, and they are what make the videos original.

11. Mr. Joeb also built and ran the Account. He set it up and held its login credentials. He personally posted every video to the Account. The finished

video files never left his tablet, and the only copies of them are his. He never delivered those files to Ms. Perry or to Defendants, and he never assigned or licensed his copyrights to either of them.

12. Ms. Perry controls the use of her own name and likeness, and Mr. Joeb does not contest that. But the videos themselves are Mr. Joeb's work, and 17 U.S.C. § 106 gives him, not Ms. Perry and not her manager, the exclusive right to decide who copies, distributes, and posts them.

**B. The registered Work.**

13. One of the videos, titled "V024 Overdid It" (the "Work"), was first published on June 2, 2026. It is an original audiovisual work, and Mr. Joeb is its sole author. The Work was posted to, and re-posted to, the Account, and is identifiable there by its title and content. See https://www.tiktok.com/@simplycharlotte60/video/[VIDEO ID].

14. Mr. Joeb registered the Work with the United States Copyright Office, which issued Certificate of Registration No. PA 2-600-507, effective August 21, 2026. A true and correct copy of the certificate is attached as Exhibit A.[1]

[1] Work is one of approximately fifty (50) videos posted to the Account that are subject to Defendants' infringement and that Mr. Joeb is registering with the United States Copyright Office on a rolling basis. As each additional work is registered, Mr. Joeb will seek leave to amend this Complaint to add it, and each such work will independently support an award of statutory damages and attorneys' fees under 17 U.S.C. §§ 504 and 505.

15. Two timing points matter. Because the registration issued within three months after the Work was first published, statutory damages and attorneys' fees remain available under 17 U.S.C. § 412, even though Defendants' infringement began before the certificate issued. And because the registration was made within five years of first publication, the certificate is prima facie evidence of the validity of the copyright and of the facts it states. 17 U.S.C. § 410(c).

**C. Defendants have no right to the videos.**

16. DC Marketing is Ms. Perry's talent manager. On or about August 1, 2026, DC Marketing and Ms. Perry signed a Talent Management Agreement covering brand deals, sponsorships, and monetization of Ms. Perry's social-media platforms, the Account among them.

17. That agreement gave Defendants nothing as to the copyrights in the videos. Mr. Joeb did not sign it and is not bound by it. He never transferred his rights to Ms. Perry, so she held no rights in the videos to convey to Defendants, and she conveyed none. At all times Mr. Joeb was in possession, custody, and control of the video files that form the basis of the copyrights at issue in this case.

**D. Defendants copied the videos from TikTok and re-posted them.**

18. Mr. Joeb removed the Work and Mr. Joeb's other videos from TikTok on July 22nd. Defendants then put them back up, including the Work and Mr. Joeb's other videos. On July 27, 2026, Ms. Perry admitted that the videos were restored by her "management team" who "worked very diligently" to get the videos put back up on TikTok. https://www.tiktok.com/t/ZP8njjLXv/.

19. Defendants did not obtain the files from Mr. Joeb, because he had never given them out; the finished files were on his tablet alone. To re-post, Defendants took the videos from TikTok itself and used those copies. In doing so, they reproduced the Work, distributed it, and publicly performed and displayed it, none of it authorized. True and correct screenshots of the infringing posts on the Account are attached as Exhibit B.

**E. Defendants were told the videos were Mr. Joeb's and re-posted them anyway.**

20. On July 22, 2026, before the videos went back up, Mr. Joeb told DC Marketing in writing that he had produced the Simply Charlotte videos, that he had filmed, directed, and edited them, and that he was their author and owner. He asked DC Marketing to hold off until the question of rights could be worked out. A true and correct copy of that notice is attached as **Exhibit C**.

21. Schwartz answered that same night. He did not deny receiving the notice or profess any confusion about it. He wrote that DC Marketing had "conferred with our client," that "there is no agreement between you two," that "Simply Charlotte is her name, image, brand, and intellectual property," and that "any agreement regarding its management or representation is hers alone to make." He signed off, "This matter is closed on our end." Schwartz's reply is included in Exhibit C.

22. Defendants therefore did not act in ignorance. They read Mr. Joeb's claim of authorship, rejected it out of hand, and moved forward with his videos anyway.

23. On August 7, 2026, undersigned counsel wrote to Defendants, set out Mr. Joeb's rights and the exposure they faced, and asked them to preserve the evidence and to stop. A true and correct copy of that letter is attached as Exhibit D. Defendants did not stop.

24. On these facts, Defendants' infringement was willful within the meaning of 17 U.S.C. § 504(c)(2). Defendants acted with actual knowledge of Mr. Joeb's rights and in deliberate disregard of them.

## COUNT I

### Copyright Infringement — 17 U.S.C. §§ 106, 501

*(Against Both Defendants)*

25. Mr. Joeb re-alleges and incorporates paragraphs 1 through 24.

26. Mr. Joeb owns a valid, registered copyright in the Work. The Work is original, it is fixed in a tangible medium of expression, and it is covered by Certificate of Registration No. PA 2-600-507.

27. Defendants copied the Work from TikTok and re-posted it to the Account without Mr. Joeb's permission. By doing so they reproduced, distributed, publicly performed, and publicly displayed the Work. Each act invaded a right reserved to Mr. Joeb under 17 U.S.C. § 106, and each is an act of infringement under 17 U.S.C. § 501.

28. Schwartz is personally liable for this infringement. He directed and approved the copying and re-posting, he had the authority to prevent it, and he stood to profit from the Account he managed. An officer who personally directs and participates in his company's infringement is liable for it in his own right.

29. The infringement was willful. Defendants kept posting the Work after Mr. Joeb told them, in writing on July 22, 2026, that it was his, and after Schwartz rejected that claim and declared the matter closed.

30. Mr. Joeb has been injured by the infringement and, without an injunction, will continue to be. He is entitled to injunctive relief under 17 U.S.C. § 502; to impoundment and disposition of the infringing copies under 17 U.S.C. §

503; and, at his election, either to his actual damages and Defendants' profits under 17 U.S.C. § 504(b) or to statutory damages under 17 U.S.C. § 504(c), including an award of up to $150,000 for the willful infringement of the Work under 17 U.S.C. § 504(c)(2). He is also entitled to his costs and reasonable attorneys' fees under 17 U.S.C. § 505.

31. Money alone will not fully repair the harm. The loss of control over original work that Mr. Joeb never released is an injury for which there is no adequate remedy at law, and it warrants injunctive relief.

**COUNT II**

**Contributory and Vicarious Copyright Infringement**

*(Against Defendant Schwartz, in the Alternative)*

32. Mr. Joeb re-alleges and incorporates paragraphs 1 through 24.

33. To the extent any of the direct infringement was carried out by DC Marketing, or by others acting at Schwartz's direction, rather than by Schwartz's own hand, Schwartz remains liable for it.

34. Schwartz is liable as a contributory infringer. He knew of the infringing activity, having been told in writing that the videos were Mr. Joeb's, and he induced, caused, and materially contributed to that activity by directing and approving the re-posting of the videos.

35. Schwartz is liable as a vicarious infringer. Through his control of DC Marketing and its handling of the Account, he had the right and the ability to supervise and stop the infringing conduct, and he had a direct financial interest in it. He allowed it to go forward.

36. Schwartz's conduct was likewise willful and entitles Mr. Joeb to the relief set out above, including under 17 U.S.C. §§ 502–505.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff John Warren Joeb, Jr., respectfully requests that the Court enter judgment against Defendants, jointly and severally, and grant the following relief:

A. A judgment that Defendants infringed Mr. Joeb's copyright in the Work and that the infringement was willful;

B. Preliminary and permanent injunctions under 17 U.S.C. § 502 barring Defendants, and all those acting in concert with them, from reproducing, distributing, displaying, performing, or otherwise using the Work and Mr. Joeb's other videos, and requiring the removal of the infringing videos from the Account and from any other platform on which Defendants have posted them;

C. Impoundment and destruction, or other reasonable disposition, of all infringing copies and of the means by which they may be reproduced, under 17 U.S.C. § 503;

D. At Mr. Joeb's election, either (i) his actual damages and Defendants' profits under 17 U.S.C. § 504(b), or (ii) statutory damages under 17 U.S.C. § 504(c), including up to $150,000 for the willful infringement of the Work under 17 U.S.C. § 504(c)(2);

E. Mr. Joeb's costs and reasonable attorneys' fees under 17 U.S.C. § 505;

F. Pre-judgment and post-judgment interest as allowed by law;

G. Leave to amend this Complaint to add additional works as their registrations issue; and

H. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38(b), Plaintiff John Warren Joeb, Jr., demands a trial by jury on all issues so triable.

Dated: August 26, 2026

Respectfully submitted,

/s/ Cole Carlson
Cole Carlson
LEAD TRIAL COUNSEL
Florida Bar No. 112863
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
cole@carlsoniplaw.com

Patrick Reid
Florida Bar No.
CARLSON IP LAW, LLC
412 E Madison Street, Suite 821
Tampa, Florida 33602
Tel: (813) 445-5175
patrick.reid@carlsoniplaw.com

*Attorneys for Plaintiff*
*John Warren Joeb, Jr.*